UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

INFINITE CAMPBELL,                                   :

                                    Plaintiff,:

                  – against –                        :

                                                     :

THE CITY OF NEW YORK, POLICE OFFICER                 :

SHAKER MOHAMMAD, Shield No. 14627, and               :

SERGEANT ISAAC SANABRIA, Shield No. 2818,            :

                                                     :

                                    Defendants.:

-------------------------------------------------------------------- x

**COMPLAINT AND
JURY DEMAND**

Case No.: 26-cv-2046

        Plaintiff Infinite Campbell ("Plaintiff"), by his attorneys, Goldstein + Horowitz

LLP, alleges as follows:

## PRELIMINARY STATEMENT

        1.      On October 11, 2025, Plaintiff — an unarmed, lawfully employed door-to-door promoter for AT&T — knocked on a door in Staten Island, received no answer, and walked away. Without warning or justification, Defendant Police Officer Shaker Mohammad emerged from the residence with his firearm drawn, ordered Plaintiff to freeze, moved him to the garage, and handcuffed him. Other police officers were called to the scene including Sergeant Isaac Sanabria, the supervising officer at the scene. Despite Plaintiff's immediate display of his AT&T employee badge, the officers refused to release him, transported him to the 122nd Precinct, and detained him there until a supervising officer at the precinct let him go. He was never charged with any crime.

        2.      Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments and the laws of the State of New York. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and costs.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

4.      Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to this action occurred in Richmond County, within this District.

## CONDITIONS PRECEDENT TO STATE CLAIMS

5.      A timely written notice of claim was served upon the City, more than thirty days have elapsed since then, and this action is brought within one year and ninety days of the occurrence.

## PARTIES

6.      Plaintiff Infinite Campbell is a citizen of New Jersey residing at 25 Towers Street, Jersey City, New Jersey 07305.

7.      Defendant The City of New York (the "City") is a municipal corporation responsible for the policies, training, and supervision of the police officers in the New York City Police Department.

8.      Defendant Police Officer Shaker Mohammad, Shield No. 14627, is an employee of Defendant City, who, at all relevant times, acted under color of state law.

9.      Defendant Sergeant Isaac Sanabria, Shield No. 2818, is an employee of Defendant City, who, at all relevant times, acted under color of state law.

**FACTS**

10.    Plaintiff was employed by Ascension Management to promote AT&T network services through door-to-door canvassing. He began this employment on or about September 30, 2025, and carried an AT&T employee identification badge.

11.    On October 11, 2025, at approximately 12:00 p.m., Plaintiff was performing his regular duties in the vicinity of Simmons Lane, Staten Island, New York 10314.  He knocked on several doors in the area and if someone answered he told them about the services his company was offering.  He knocked on the front door at 33 Simmons Lane, received no response, and began to walk away.

12.    Without warning, Officer Mohammad emerged from the residence with his service firearm drawn and pointed it at Plaintiff. He ordered Plaintiff to freeze, moved him to a garage, and handcuffed him.

13.    Plaintiff immediately complied with all commands. He did not resist, flee, or make any threatening gesture. He was unarmed.

14.    While handcuffed, Plaintiff identified himself and displayed his AT&T badge. Officer Mohammad disregarded this identification, and continued to detain the plaintiff.

15.    Officer Mohammad's conduct — drawing a firearm on an unarmed, individual who posed no threat, handcuffing him, and detaining him despite his presentation of valid identification — constituted extreme and outrageous conduct which caused Plaintiff severe emotional distress.

16.     Officer Mohammad called for backup.  Sergeant Isaac Sanabria and other officers responded. Despite Plaintiff's presentation of valid credentials and the absence of any evidence of any criminal behavior on his part, Plaintiff was not allowed to leave.

17.     Instead, Plaintiff was transported to the 122nd Precinct, where a supervising police officer reviewed the circumstances and released him.

18.     Plaintiff was never charged with any crime. At no point during the encounter did he engage in criminal conduct or pose any threat to any person.

19.     At the time of the seizure, no Defendant possessed probable cause — or even reasonable suspicion — to believe Plaintiff had committed, was committing, or was about to commit any crime.

20.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty, physical pain from handcuffing, severe emotional distress and fear caused by having a firearm pointed at him, humiliation, lost wages, and other consequential damages.

## FIRST CLAIM

21.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

22.     Defendants' acts and conduct constituted an unlawful assault and battery of the plaintiff.

## SECOND CLAIM

23.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

24.     Defendants' acts and conduct constituted the intentional infliction of emotional distress on the Plaintiff.

4

## THIRD CLAIM

25.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

26.    Defendants' acts and conduct constituted an unlawful arrest and false imprisonment of plaintiff.

## FOURTH CLAIM
### (42 U.S.C. § 1983)

27.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

28.    Defendants' acts and conduct violated plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution.

## FIFTH CLAIM
### (N.Y. Administrative Code §§8-801 through 8-807)

29.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs.

30.    Defendant officers committed an unreasonable search and seizure of the plaintiff and used excessive force against him for which the defendant officers, and the defendant City as their employer, are liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1.  Compensatory damages in an amount to be determined at trial;

2.  Punitive damages against Defendant Mohammad;

3.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

4.  Pre-judgment and post-judgment interest; and

5.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
April 7, 2026

Respectfully submitted,

GOLDSTEIN + HOROWITZ LLP
Attorneys for Plaintiff
INFINITE CAMPBELL

By _____
    MICHAEL GOLDSTEIN (4884)
115 West 29th Street, Suite 805
New York, New York 10001
Office:  (212) 248-4900
Mobile: (973) 951-9048
michaelgoldstein@gmail.com

6

Docket No.  26-cv-2046

UNITED STATES DISTRICT COURT OF NEW YORK
EASTERN DISTRICT OF NEW YORK

INFINITE CAMPBELL

Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER SHAKER MOHAMMAD, and
SERGEANT ISAAC SANABRIA

Defendants.

**SUMMONS IN A CIVIL ACTION and**
**COMPLAINT & JURY DEMAND**

**GOLDSTEIN + HOROWITZ LLP**
Attorneys for Plaintiff
INFINITE CAMPBELL
**115 West 29th Street, Suite 805**
**New York, New York 10001**
**(212) 248-4900**
**(212) 248-2848** *fax*

Service of a copy of the within                              is hereby admitted.
Dated,                      , 20__


.........................................................................................
Attorneys for

Sirs/Madams: -- Please take notice

_____    Notice of Entry

that the within is a true copy of a dated and duly entered in the office of the clerk of the within named court on

_____    Notice of Settlement

that an                    of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named Court, at                          on                          20      at M.